UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 12-302-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| DANNY R. BRADHAM | MAGISTRATE JUDGE HORNSBY |

### MEMORANDUM ORDER

Before the Court is a "Motion to Amend" (Record Document 31) filed on May 28, 2013, by Defendant Danny R. Bradham ("Bradham").  On May 24, 2013, this Court issued an order to strike Bradham's outstanding *pro se* motions (Record Document 22 and 28) based on the Fifth Circuit Court of Appeals' holding that a criminal defendant does not have the right to a hybrid representation.  See Record Document 30.  However, it appears that the order crossed paths in the mail with Bradham's instant motion to amend.  As previously stated, a criminal defendant represented by counsel does not have a constitutional right to file every *pro se* motion he wants to file in addition to his attorney's motions.  Tarter v. Hury, 646 F.2d 1010, 1014 (5th Cir. 1981).

However, out of an abundance of caution and in light of the various *pro se* filings in which Bradham appears to attack his current appointed counsel, Douglas Lee Harville ("Harville"), this Court will also analyze whether Bradham has demonstrated good cause which would entitle him to new appointed counsel.

Although an indigent criminal defendant has a right to be represented by counsel, he does not have a right to be represented by a particular lawyer, or to demand a different appointed lawyer except for good cause.  United States v. Young, 482 F.2d 993, 995 (5th

Cir. 1973) (citing United States v. Sexton, 5th Cir. 1973, 473 F.2d 512, 514). Furthermore, unless a Sixth Amendment violation is shown, whether to appoint a different lawyer for an indigent criminal defendant who expresses dissatisfaction with his court-appointed counsel is a matter committed to the sound discretion of the district court. Id. The "good cause" that a defendant must show to warrant a substitution of counsel has been explained as a "conflict of interest, a complete breakdown in communication or an irreconcilable conflict which leads to an apparently unjust verdict." Id.

Here, Bradham has not demonstrated any of the above factors or provided sufficient evidence showing how Harville's continued representation would lead to an unjust verdict. Bradham's complaint regarding his counsel's advice to withdraw his "Motion to Withdraw Guilty Plea" is unpersuasive to this Court and does not fall into the realm of good cause. A disagreement as to opinion on how to best proceed is not properly classified as an irreconcilable conflict and does not justify appointment of new counsel in light of the circumstances of this case. The Court finds that Harville has repeatedly demonstrated his willingness to proceed with the case and vigorously represent Bradham regardless of how Bradham wishes to proceed. Harville's unwavering advocacy on behalf of Bradham shows that any difference of opinion between the two will neither inhibit Harville's ability to defend Bradham nor lead to an apparently unjust verdict

Further, Bradham's argument that Harville has a conflict of interest and/or disclosed confidential information during this Court's status conference on May 10, 2013, is wholly without merit. At all times during the status conference at issue, Harville dutifully advocated on behalf of his client Bradham. This Court became concerned about Bradham's mental health status after its own comprehensive review of all available information in the record.

While such information included Harville's recitation of the procedural facts and timeline of the filings, members of this Court were present in the status conference. This Court can assure Bradham that Harville in no way compromised Bradham's defense, violated attorney/client privilege, or disclosed confidential information. At all times Harville has only demonstrated his unwavering loyalty to Bradham. The record as a whole demonstrates that Bradham's claims related to Harville are insubstantial and that he is in fact receiving vigorous and able representation.[1]

Ultimately, while Bradham's Sixth Amendment right to counsel includes the right to the effective assistance of counsel, Strickland v. Washington, 466 U.S. 668, 686 (1984), "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. To prove such, a defendant "must show that counsel's representation fell below an objective standard of reasonableness." Id. at 687-688. Here, Bradham clearly fails such test, as he has not provided any information or evidence demonstrating actual conduct that fell below an objective standard of reasonableness. This Court finds that Bradham's Sixth Amendment right to effective assistance of counsel has not been violated

Accordingly, in the exercise of its sound discretion, this Court hereby **ORDERS** that Bradham's Motion to Amend (Record Document 31) is **DENIED.**

**IT IS FURTHER ORDERED** that based upon the forgoing reasoning, any pending motion to appoint new counsel, styled as such or otherwise, is hereby **DENIED**.

---

[1] Bradham also argues that his appointed counsel failed to file a motion to enroll as counsel before the Honorable S. Maurice Hicks. However, Harville was formally appointed to represent Bradham on April 19, 2013, by court order, making such motion unnecessary.

Bradham is once again warned that all matters pertaining to his defense on the pending charges be communicated to the Court through counsel. The Court admonishes defendant that his *ex parte* communication to the Court is inappropriate and further *pro se* filings while he is represented by counsel may be met with sanctions.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 13th day of June, 2013.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE